## GEM STARSTONE CORPORATION v. UNITED STATES

**No. 6073.**—Invoice dated Wembly Park, Middlesex, England, November, 1943.
  Certified November 1943.
  Entered at New York, N. Y., December 17, 1943.
  Entry No. 718058.

(Decided November 28, 1944)

Plaintiff not represented by counsel.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been filed pursuant to the importer's receipt of the collector's "NOTICE TO IMPORTER OF ADVANCE IN VALUE UPON APPRAISEMENT," stating that the appraised value exceeds the entered value by "3%."

The official papers in the case establish that the merchandise was invoiced at certain prices which included postage, package, and insurance; that on entry the importer deducted the items of postage and insurance as nondutiable charges; that the notation of the examiner on the consular invoice reads "Apprsd. at invoice units of value plus pkg."; and that the report of the appraiser on the summary sheet is by a check mark in the column headed "Appraised," indicating that the appraisement was "as entered."

Inasmuch as the appraiser's official action was an acceptance of the entered values, clearly the collector's notice of appraisement was error. (*James Loudon & Co. for Wm. H. Floyd & Co.* v. *United States*, Reap. Dec. 5731).

Before me, the parties stipulated and agreed that the correct dutiable values were the entered values.

I therefore find the correct dutiable values of the involved merchandise to be the entered values thereof.

Judgment will be rendered accordingly.